[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Application for review of sentence imposed by the Superior Court, Judicial District of Ansonia-Milford.
David F. Egan, Esq., Defense Counsel, for Petitioner.
Mary Galvin, Esq., State's Attorney, Ansonia-Milford J.D. for the State.
Sentence Affirmed.
BY THE DIVISION:
The then nineteen year old petitioner, after pleading guilty to violation of general statute 53a-59 (a)(1) , Assault in the first degree, was sentenced to a term of fifteen years, execution suspended after seven and one-half years, with probation for three years. This was a court indicated sentence with the petitioner reserving the right to argue for less.
The factual underpinning for the plea involved the petitioner shooting the victim in the chest with a .25 caliber pistol after the victim had supposedly accused the petitioner of taking his (the victim's) money and failing to deliver drugs the victim expected to get in return.
The bullet narrowly missed the victim's heart and remains lodged in the victim's chest. He was hospitalized for six days and incurred approximately $5,000.00 in out of pocket medical expenses.
The petitioner states that he was acting somewhat in self defense claiming that the victim was going to attack him with a tire iron and suggests that a sentence of five years would be more appropriate under the circumstances.
The State's Attorney argues that the sentence was reasonable and proportionate considering the deliberate shooting in the chest in the aftermath of a bad drug deal. The extent of the petitioner's involvement in the drug transaction is uncertain, but his involvement in the shooting is clear.
The petitioner has a prior criminal record and in March, 1991, had been sentenced to a term of sixteen months for violating the conditions of probation earlier imposed. He also had a larceny, 1st degree by possession pending at the time of this sentencing. CT Page 3744
As the sentencing court noted the petitioner had a criminal record, no work record, and had now escalated his criminal behavior to firing a bullet into the chest of another.
The sentence imposed fully comports with the standards of Connecticut Practice Book 942. It is affirmed.
Klaczak, J.
Purtill, J.
Norko, J.
Purtill, Klaczak and Norko, J.s, participated in this decision.